# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00244-CV

**Appellant, Richard Witt Duncan// Cross-Appellants, Prewett Rentals Series 2 752 Military, LLC; Tami Jan; Ward Galbreath; Sumit Kapoor; Rachel Kapoor; Nakul Jeirath; Tasha Jeirath; Mark L. Reis; Janis R. Reis; Charles A. Bess, Jr.; Dancee D. Bess; Christopher Bellshaw; Catherine Bellshaw; Santos S. Salinas; and Debra Salinas**

**v.**

**Appellees, Prewett Rentals Series 2 752 Military, LLC; Tami Jan; Ward Galbreath; Sumit Kapoor; Rachel Kapoor; Nakul Jeirath; Tasha Jeirath; Mark L. Reis; Janis R. Reis; Charles A. Bess, Jr.; Dancee D. Bess; Christopher Bellshaw; Catherine Bellshaw; Santos S. Salinas; and Debra Salinas// Cross-Appellee, Richard Witt Duncan**

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2018-15744D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Pending before this Court are the parties' cross-petitions for permissive appeal. In the underlying lawsuit, the parties dispute whether the restrictive covenants governing their properties in the Canyon Lake Island subdivision allow property owners to lease their properties for short-term rentals. Plaintiff below, appellant Richard Witt Duncan, seeks to enjoin the cross-appellants named above (collectively, the "Prewett Defendants") from: (1) allowing "transient use or occupancy that is not as a private residence on any of their respective properties in the [s]ubdivision"; (2) allowing any detectable business on properties in the subdivision, including paid, transient occupancy; and (3) violating any of the other restrictions in the restrictive

covenants. The Prewett Defendants have asserted a counterclaim against Duncan, seeking a declaratory judgment that would allow them to continue leasing their properties. The central legal issue underlying both sides' claims is whether the Prewett Defendants' short-term rentals violate the restrictive covenants in their deed restrictions.

After the parties filed competing summary-judgment motions, the trial court denied both sides' motions. In its order, the trial court concluded that the restrictive covenants at issue "are not legally ambiguous." The trial court explained that Duncan's summary-judgment motion should be denied because (1) Duncan could not establish that an owner's rental of property in the subdivision is inconsistent with the "Property Use" provisions of the covenants, which prohibit the use or occupancy of buildings or lots "for any purpose except that of a private residence," with an exception for certain non-detectable business activities that are allowed within a residential unit; (2) there was insufficient summary-judgment evidence to establish that the tenants' use or occupancy of the buildings was for a purpose other than "family-styled residential living-type activities" or was a usage of the properties that was open to the public; and (3) there was insufficient summary-judgment evidence to establish that either owners or tenants conducted any "business activity," as defined in the restrictive covenants, which was detectable from outside the residences. However, the trial court further explained that it had denied the Prewett Defendants' summary-judgment motions because Duncan had submitted summary-judgment evidence from witnesses who alleged activities that the trial court concluded raised a fact issue on whether the complained-of uses of rented properties "could be something other than 'private.'"

The trial court later amended its order to grant permission for a permissive interlocutory appeal to address the following issues: (1) whether the subdivision's 1999 deed restrictions are ambiguous regarding whether the Prewett Defendants' vacation-rental operations

2

are prohibited; (2) if the 1999 deed restrictions are not ambiguous, whether the Prewett Defendants' "alleged violation of these deed restrictions—their operation of vacation rental operations—" is a matter of law for the trial court to decide; and (3) whether the 1999 deed restrictions preclude the Prewett Defendants' vacation-rental operations as a matter of law. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d), (f): Tex. R. App. P. 28.3. We conclude that the orders that the parties seek to appeal involve controlling questions of law as to which there is a substantial ground for difference of opinion and that immediate appeal from the orders may materially advance the ultimate termination of the litigation. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d), (f); *see also Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019) (concluding that "[t]he pure legal question at issue here is precisely the sort of question section 51.014(d) was enacted for" and reviewing merits of trial court's denial of Rule 91a motion to dismiss Lufthansa's tortious-interference claim).

Accordingly, we grant Duncan's petition for permissive appeal and accept his appeal of the trial court's June 28, 2021 order denying his summary-judgment motions. *See id.* We grant in part the Prewett Defendants' petition for permissive appeal and accept their appeal of the trial court's November 5, 2020 order denying their summary-judgment motions, and to the extent necessary to preserve all issues for appeal, the trial court's June 28, 2021 order denying Duncan's summary-judgment motions. We deny the Prewett Defendants' petition for permissive appeal of the "implied denial of Defendants' motion for sanctions." The trial court did not sign an order granting permission to the Prewett Defendants to pursue a permissive interlocutory appeal of an implied order on their motion for sanctions; therefore, we may not accept a permissive interlocutory appeal from the implied order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(f); *see also Draper v. Guernsey*, No. 03-15-00741-CV, 2016 WL 462763, at *2 (Tex. App.—Austin Feb. 3,

3

2016, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction because appellant failed to obtain trial-court order granting permission to pursue permissive appeal of interlocutory order).

The parties' notices of appeal are deemed to have been filed as of the date of this order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(f); Tex. R. App. P. 28.3(k). Because the appellate record has already been filed, appellant's and cross-appellants' briefs will be due on August 11, 2021, and appellees' and cross-appellee's briefs will be due twenty days after the appellant's and cross-appellants' briefs are filed. *See* Tex. R. App. P. 28.3(k), 38.6. The Clerk of this Court shall file a copy of this order with the trial-court clerk. *See* Tex. R. App. P. 28.3(k).

It is ordered on July 22, 2021.


Before Chief Justice Byrne, Justices Triana and Kelly

4